UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA

           - against -

TORRIE JOHNSON,                              19 Cr. 650 (NRB)

                                           **MEMORANDUM & ORDER**
                Defendant.
-----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Defendant Torrie Johnson was sentenced on April 29, 2020
to 78 months' imprisonment following his guilty plea to a
one-count superseding information charging him with firearms
trafficking, in violation of 18 U.S.C. §§ 922(a)(1)(A) and
924(n).  Less than a year after his sentencing, on March 22,
2021, Mr. Johnson moved <u>pro se</u> for compassionate release from
FCI Bennettsville, citing the risks posed by COVID-19 within
the prison environment, his asthma, and that he is "suffering
from depression."  ECF No. 32 at 1.  Mr. Johnson also notes
in his motion that First Step Act programs have been canceled
due to the pandemic, and that he has saved a man's life while
incarcerated.  <u>Id.</u>  For the following reasons, the application
is denied.

     Mr.   Johnson's   motion   relies   on   18   U.S.C.
§ 3582(c)(1)(A)(i), which permits a court to "reduce the term
of imprisonment" if, after considering the factors set forth

in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A).[1]  While Mr. Johnson's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Mr. Johnson nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has failed to do so, his motion is denied.

---

[1]    Mr. Johnson has satisfied this requirement by asking the warden of FCI Bennettsville to file a CARES Act motion for him on January 25, 2021.  ECF No. 32 at 2.

At the outset, while Mr. Johnson's motion is nominally for compassionate release, it is effectively a motion for reconsideration of the sentence this Court imposed on April 29, 2020.[2]  Mr. Johnson's motion for compassionate release raises no new relevant concerns that were not previously considered by this Court.  At the time of Mr. Johnson's sentencing, the Court accounted for the risks posed by the coronavirus pandemic and was aware that Mr. Johnson had a respiratory condition.  Sentencing Transcript ("Sentencing Tr.") 26:20-22, 26:10-11.  The Court also was aware at that time that Mr. Johnson had saved a man's life while incarcerated.  Id. at 20:24.  No persuasive reason has been proffered to reconsider the sentence imposed.

Further, even had this Court not previously considered almost all of Mr. Johnson's arguments, Mr. Johnson failed to state extraordinary and compelling reasons to warrant compassionate release.  Mr. Johnson is 44 years old.  In addition to the factors previously considered by the Court, Mr. Johnson raises his status as a mental health patient in this motion.  However, mental health issues are not among the conditions that the Centers for Disease Control and Prevention ("CDC") report may increase a person's risk of

---

[2]     Presumably, Mr. Johnson has utilized this approach because, as part of his plea agreement, he waived his right to appeal the sentence imposed by the Court.

illness from COVID-19.   See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 20, 2021).  As for Mr. Johnson's asthma, CDC guidance reports that moderate to severe asthma "can make you more likely" to experience increased risk from COVID-19.  Id.  However, Mr. Johnson has not submitted any medical records, other than his prescription for an asthma medication, in order to demonstrate the severity of his asthma.  ECF No. 32 at 3. Further, FCI Bennettsville seems to be currently containing the coronavirus.  Federal Bureau of Prisons data shows that, currently, there are only seven active cases of COVID-19 among inmates at FCI Bennettsville.  See Covid-19 Cases, https://www.bop.gov/coronavirus (last visited October 4, 2021).   Courts in this District have denied compassionate release motions under similar circumstances.  See, e.g., United States v. Gray, No. 18 Cr. 179, 2020 WL 4677508, at *1 (S.D.N.Y. Aug. 11, 2020) (finding defendant did not demonstrate "extraordinary and compelling reasons" supporting his release where defendant did not submit evidence that his asthma put him at high risk and coronavirus at the relevant correctional institute was under control).  Notable too is that while Mr. Johnson expressed his concern about the

pandemic, Mr. Johnson has not informed this Court whether he has taken a COVID-19 vaccine, which is currently and for some months has been available to federal inmates.

Moreover, even if Mr. Johnson had demonstrated extraordinary and compelling reasons to support his release, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release.  Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Mr. Johnson was incarcerated following a guilty plea to a charge of trafficking firearms into New York State.  At his sentencing, this Court noted that Mr. Johnson's crime was "extremely serious" because he intended to "introduce[e] . . . 25 firearms to the streets of New York" which "create[d] the potential for violence and the taking of an innocent life." Sentencing Tr. 26:6-8.  Further, as this Court noted at sentencing, although Mr. Johnson had been previously incarcerated, his prior sentences "did not discourage him from continuing in a criminal path." Id. at 26:12-13.

Accordingly, the Court denies Mr. Johnson's motion. Because Mr. Johnson has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir.

2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

       **SO ORDERED.**

Dated:    New York, New York
          October 4, 2021

                                    NAOMI REICE BUCHWALD
                         UNITED STATES DISTRICT JUDGE

<u>Defendant (pro se)</u>

Torrie Johnson


A copy of the foregoing Memorandum and Order has been mailed
to:

Torrie Johnson, #86885-054
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512